**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LISA FLOWERS, *on behalf of herself* *and those similarly situated*; | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) ) | **CLASS ACTION COMPLAINT** |
| SA HOSPITAL ACQUISITION GROUP, LLC, D/B/A SOUTH CITY HOSPITAL | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |
| _____ | ) | |

Lisa Flowers (the "Plaintiff"), on behalf of herself and a putative class of similarly situated former employees as defined herein, brings this suit against SA Hospital Acquisition Group, LLC, doing business as South City Hospital ("South City Hospital"), by way of this Class Action Complaint against Defendant alleging as follows:

## NATURE OF THE ACTION

1.     This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendant South City Hospital her employers for WARN Act purposes.

2.     On or within 30 days of August 4, 2023, Defendant made a mass layoff by, unilaterally and without proper notice to employees or staff, terminating approximately 563 employees at her facility located at 3933 S Broadway, St. Louis, Missouri.

3.     Defendant failed to provide 60 days advance written notice to employees or staff as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* to the affected employees.

1

4.      On August 2, 2023, Defendant verbally informed the affected employees in the St. Louis facilities that, as of that same day, her services would no longer be required and that they were not required nor allowed to report for work.

5.      On August 3, 2023, Defendant provided written notice to confirm the termination.

6.      Defendant's reduction in forces constituted a mass layoff or plant closing, which became terminations, commencing on August 2, 2023 and occurring within 30 days. As such, Plaintiff and other similarly situated employees, should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

9.      At all times herein relevant, each of the Representative Plaintiff was and are members of the Nationwide class.

10.      Plaintiff Lisa Flowers is a citizen of the United States and resident of St. Louis County, Missouri.  Plaintiff Flowers was employed by South City Hospital at all relevant times at the St. Louis, Missouri facility.  She is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

11.     Defendant SA Hospital Acquisition Group, LLC, is a Delaware limited liability company registered in Delaware. Defendant SA Hospital Acquisition Group, LLC, may be served via its registered agent, Harvard Business Services, Inc., 16192 Coastal Hwy, Lewes, DE 19958.

12.     Collectively, this entity is the responsible for the operation of the enterprise with facilities located at: 3933 S Broadway, St. Louis, Missouri.

## FACTS

13.     Defendant is a private, Missouri-based business that provides healthcare to the St. Louis community.

14.     On or about August 3, 2023, Defendant informed all employees at its St. Louis, Missouri, facility, including Plaintiff, that it was abolishing positions and terminating her employment effective immediately, August 3, 2023, and that terminated employees would perform no additional compensated services.

15.     The next day, August 4, 2023, Defendant followed up with employees in writing that they had been terminated the day before.

16.     On August 9, 2023, Defendant filed a notice with the Missouri Job Center, advising that 563 employees located in the State of Missouri were terminated on August 3, 2023.

17.     Defendant did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

18.     Upon information and belief, no circumstances existed that would have permitted South City Hospital from reducing the notification period as provided in 29 U.S.C. § 2102(b).

19. By failing to provide its affected employees who were temporarily or permanently terminated on or around August 3, 2023, with WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## **RULE 23 CLASS ACTION ALLEGATIONS**

18. Plaintiff brings her WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 30 days of August 3, 2023.

19. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of her mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfy Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff are members of the class, and her claims are typical of the claims of other class members. Plaintiff have no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfy Federal Rule of Civil Procedure 23(a)(3).

      d.   Plaintiff will fairly and adequately represent the class and its interests.  Moreover, Plaintiff have retained competent and experienced counsel who will effectively represent the interests of the class.  Thus, Plaintiff satisfy Federal Rule of Civil Procedure 23(a)(4).

20.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

21.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

22.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.***
**COUNT I**
**(WARN Act)**

23.     Plaintiff re-allege and incorporate all preceding paragraphs as if set forth in full here.

24.     Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

25.     Plaintiff and those they seek to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

26.     The August 3, 2023, permanent layoffs of at least 563 employees at St. Louis, Missouri facility resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

27.     For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the St. Louis, Missouri, facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as her home base, the place from which her work was assigned, and the place to which they reported for work.

28.     The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

29.     On information and belief, prior to August 3, 2023, Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give any *prior* written notice to the Missouri Department of Labor, Missouri Job Center, or to the chief elected official of the local government within which the mass layoff was ordered.  Rather, Defendant waited until the day of the mass layoffs to do so (or they never did).

30.     Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about August 3, 2023.

31.     As such, Plaintiff and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

32.     The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102.  *See* 29 U.S.C. § 2104(5).

33.     Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for the following relief:

1.     Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel.

2.      A declaration that Defendant has violated the WARN Act;

3.      A judgment against Defendant and in favor of Plaintiff and those they seek to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4.      A judgment against Defendant and in favor of Plaintiff and those they seek to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those they seek to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5.      A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6.      A judgment against Defendant and in favor of Plaintiff and those they seek to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7.      A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8.      Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

This 25th day of August 2023.

Respectfully submitted,

*/s/ John F. Garvey*
John F. Garvey #35879 (MO)

8

Colleen Garvey #72809 (MO)
Ellen Thomas #73043 (MO)
STRANCH, JENNINGS & GARVEY, PLLC
701 Market Street, Suite 1510
St. Louis, Missouri 63101
Telephone: (314) 390-6750
Facsimile: (314) 255-5419
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

J. Gerard Stranch, IV*
Michael C. Iadevaia*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

Lynn A. Toops*
Amina A. Thomas*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

* *Pro Hac Vice* applications to be submitted

9

*Counsel for Plaintiff and the Proposed
Class*