ENTERED
APR 29 2024
MJD

FILED
APR 29 2024
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

IN THE TWENTY-SECOND JUDICIAL CIRCUIT COURT
ST. LOUIS CITY, MISSOURI

| | | |
|---|---|---|
| TWAIN GL XXV, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2322-CC00960 |
| v. | ) | |
| | ) | |
| SA HOSPITAL REAL ESTATE | ) | |
| HOLDINGS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING GENERAL RECEIVER'S MOTION TO TERMINATE ADMINISTRATION AND GRANTING DISCHARGE OF THE GENERAL RECEIVER

This matter is before the Court pursuant the (i) Motion to Terminate Administration and Discharge of the General Receiver (the "Original Motion") filed by Receiver MorrisAnderson & Associates, Ltd. (the "Receiver") on February 5, 2024, and (ii) the Motion to Modify Order Granting General Receivers' Motion to Terminate Administration and Discharge the General Receiver filed by the Plaintiff on March 13, 2024 (the "Motion to Modify," and together with the Original Motion, collectively, the "Motion to Terminate").

It appearing to the Court that on May 25, 2023, this Court entered the Order for Appointment of Receiver ("Receivership Order"), granting the motion to appoint receiver filed by Plaintiff Twain GL XXV, LLC ("Twain" or the "Plaintiff") and appointing the Receiver as general receiver over SA Hospital Real Estate Holdings, LLC and SA Hospital Acquisition Group, LLC (together, the "Defendants"). Receiver posted a bond (the "Bond") and commenced serving as Receiver over the Receivership Property (as defined in the Receivership Order) on May 31, 2023. Receiver filed its motion indicating that its work on the matter is complete and filed its final report. The Court has determined that there is no further benefit to maintaining the receivership and administering the Defendants and the assets of Defendants under this Court's supervision. The

32379986.6

EXHIBIT A

Court has determined that the work of the Receiver is nearly complete, except for the performance of certain Ministerial Acts (as defined below).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

A) The Motion to Terminate is granted as provided herein.

B) As of April 30, 2024 ("Receivership Termination Date"), the Court's administration of the assets and property owned by Defendants is hereby terminated.

C) On the Receivership Termination Date, the Receiver is directed to relinquish control and management to the Defendants of all Receivership Property then in control of the Receiver, including without limitation the South City Hospital facility, the remaining equipment, inventory, and furniture, and all medical and other records maintained in the South City Hospital facility, as well as the medical records and equipment maintained offsite (such relinquished Receivership Property shall be referred to as the "Relinquished Property").

D) Except for the Ministerial Acts (defined below), on the Receivership Termination Date, the Receiver shall be relieved and released from further obligation to operate or manage any of the Relinquished Property, or the businesses of the Defendants.

E) On the Receivership Termination Date, the management and control of all Relinquished Property shall automatically revest in the Defendants and the Defendants shall accept the return of all Relinquished Property and shall be deemed to have assumed full possession and responsibility therefore.

F) On the Receivership Termination Date, Thompson Coburn LLP as counsel for the Receiver is hereby directed to terminate its representation of Receiver in this proceeding subject to Paragraph M herein, and its representation of SA Hospital Acquisition Company, LLC, through the Receiver, in the civil action, *Flowers v. SA Hospital Acquisition Group, LLC*, Case No. 4:23-

cv-01079-RLW (E.D.Mo.) (the "WARN Action") and any other pending litigation, and Thompson Coburn LLP is hereby authorized and directed to withdraw from its representation in the WARN Action and any other pending litigation.

G)   On the Receivership Termination Date, the Master Lease and Master Ground Sublease Agreement between SA Hospital Real Estate Holdings, LLC as Landlord and SA Hospital Acquisition Group, LLC as Tenant is deemed terminated.

H)   The Court finds that Twain Financial Partners LLC ("Twain Financial") made three loans to the Receiver in this Case:

   a. A loan to fund the fees and expenses of the Receiver and its Professionals up to a maximum amount of $430,000.00 (the "First Twain Loan") as set forth in the Receivership Order entered on May 25, 2023;

   b. A loan to fund the expenses of the operation of the South City Hospital Facility up to a maximum amount of $4,000,000 (the "Second Twain Loan") as set forth in the Order Granting Receiver's Emergency Motion to Incur Secured Debt Pursuant to Mo. Rev. Stat. § 515.590.2 and Grant Related Relief dated June 21, 2023; and

   c. A loan to fund the expenses of the wind-down of the South City Hospital Facility up to a maximum amount of $2,000,000 (the "Third Twain Loan") as set forth in the Order Granting Receiver's Emergency Motion to Incur Secured Debt Pursuant to Mo. Rev. Stat. § 515.590.2 and Grant Related Relief dated August 3, 2023

(collectively, the "Twain Financial Receiver Loans").

I) The Court further finds that as of April 29, 2024, the following approximate amounts remain due and owing under the Twain Financial Receiver Loans:

    a. First Receiver Loan: $315,947.84 plus interest;

    b. Second Receiver Loan: $2,404,655.16 plus interest; and

    c. Third Receiver Loan: $1,337,276.35 plus interest

(collectively, the "Twain Indebtedness").

J) The Defendants remain jointly and severally liable for all amounts due and owing under the Twain Financial Receiver Loans including, without limitation, the Twain Indebtedness.

K) The Twain Financial Receiver Loans remain secured by a first priority lien on the Receivership Property senior to any other existing liens on Receivership Property; provided, however, that the lien of Twain Financial on the equipment on which Platinum Management (assignee of NFS Leasing) has a valid first priority lien is junior to the lien of Platinum Management, except for the equipment the Court determined Platinum Management abandoned by order entered on April 11, 2024. In addition, any repayment of the Second Receiver Loan shall be *pari passu* with payments made to American Healthcare Systems ("AHS") on account of its loan made to the Receiver.

L) On and after the Receivership Termination Date, the Receiver is authorized and directed to, take such actions and execute and deliver any documents and instruments necessary or appropriate to effectuate the termination of the receivership and to transfer any Relinquished Property contemplated herein to the Defendants (collectively, the "Ministerial Acts"). For avoidance of doubt, in performing any of the Ministerial Acts, the Receiver and the Professionals

shall be entitled to the protections of judicial immunity to the fullest extent set forth in paragraph 16 of the Receivership Order.

M) On or before May 17, 2024, pursuant to Mo. Rev. Stat. §515.660, the Receiver shall file with the Court and serve on all parties entering their appearance in this case an updated final accounting of all receipts and disbursements of the receivership estate and request for discharge (the "Final Accounting and Request for Discharge"). If no objections are filed within fourteen (14) days after the service of the Final Accounting and Request for Discharge, the Court may enter an order approving the final report and discharging the Receiver without a hearing or any further notice. If timely objections are filed, the Court will hold a hearing on the Final Accounting and Request for Discharge on __MAY 30__, 2024, at 11:00 a.m., in Division 18, St. Louis City Circuit Court, 1114 Market Street, St. Louis, MO 63101.

N) In addition to any rights conferred in paragraph 16 of the Receivership Order, neither the Receiver, nor any professional retained by the Receiver (including without limitation Thompson Coburn LLP) nor Twain Financial in its capacity as a lender to the Receiver in this receivership case, shall have or incur any liability to the Plaintiff, the Defendants, or any holder of a claim against or interest in the Defendants, for any act, event, or omission in connection with, or arising out of, this receivership case, including without limitation, the administration or disposition of any Receivership Property during the receivership case, except for claims due to gross negligence, gross or willful misconduct, malicious acts, or the failure to comply with this Court's orders.

Dated: __4 ~ 29__, 2024

_____
Circuit Judge