UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA FLOWERS, *on behalf of herself and those similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>SA HOSPITAL ACQUISITION GROUP LLC, D/B/A SOUTH CITY HOSPITAL<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 4:23-cv-01079-RLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## BRIEF IN PARTIAL OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT

### I. INTRODUCTION

Defendants SA Hospital Acquisition Group, LLC ("Defendant" or "South City Hospital") served the St. Louis community for over 154 years. On or around August 4, 2023, Defendant unceremoniously notified its employees that its doors were closing for good, and they would be terminated. Whatever reasons it had for these actions, it failed to do right by its employees, refusing to give any notice to employees to look for alternative jobs. Less than a month later, on August 25, 2023, Plaintiff initiated this putative class action to seek redress for Defendant's failure to provide proper WARN notice.

The case has proceeded into the early stages of discovery. On March 14, 2024, the parties exchanged their initial disclosures, and on April 18, 2024, Plaintiff has served her first round of discovery on Defendant. While this case has proceeded, the Hospital has been subject to a state receivership, which was litigated in state court. The state court has since entered an order terminating the receivership. Shortly after, and without responding to outstanding discovery

requests, Defendant's counsel seeks to withdraw because the state receivership has ended. They further request a 60-day extension for discovery while the Hospital attempts to obtain new counsel in the instant case, even though the managing member of the Hospital has not responded to Defendant's counsel's request to do so. So, Defendant's counsel wishes to walk away, with no substitution counsel or other precautions in place to protect Plaintiff's interests in litigating this case. In fact, Plaintiff's counsel asked for additional information concerning representation of the Hospital moving forward, again Defendant's counsel offers nothing in response.

Under these circumstances, Plaintiff opposes Defendant's motion to withdraw to the extent that it leaves her unable to litigate her case and unable to obtain the necessary and already-requested discovery to move the case forward. Plaintiff requests that the Court take certain precautions, including requiring Defendants to comply with present discovery obligations and designating a representative for service of documents before Defendant's counsel is permitted to withdraw without substitution.

## II. ARGUMENT

"When ruling on an attorney's motion to withdraw, the court must consider not only the reason for requesting leave to withdraw, but also 'the disruptive impact that the withdrawal will have on the prosecution of the case.'" *Peter Kiewit Sons', Inc. v. Wall Street Equity Grp., Inc.*, 2012 WL 5400037, at *1 (D. Neb. Nov. 5, 2012) (quoting *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003)). "As to the latter, the court considers whether the withdrawal may cause prejudice to the parties, interference with the administration of justice, or delay in resolving the case." *Id.* Given the posture of the case, Plaintiff seeks to bring to the Court's attention the significant resultant delay and prejudice that will result from Defendant's counsel's withdrawal, absent additional Court action.

Most significantly, "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). So, a corporation that fails to obtain licensed counsel faces default. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996). Still, Plaintiff has an obligation to prove that class certification and damages are proper—which are the subject of the first round of discovery. *See Cranor v. Skyline Metrics, LLC*, 2018 WL 11437828, at *1-2 (W.D. Mo. Dec. 14, 2018). Plaintiff, then, has serious concerns that, as one court put it, "to allow counsel's withdrawal from the case at this sensitive stage would bring the litigation to a grinding halt and force postponement of important deadlines . . . ." *See Byrd*, 271 F. Supp. 2d at 177.

Plaintiff's concern is particularly salient where Defendant's Counsel represented that the "managing member of the Hospital has not responded" to their request to substitute counsel promptly. Def. Mtn., Dkt. 28, at PageID 86. In other words, it isn't clear at all that Defendant even has any interest in continuing to litigate this case, putting Plaintiff in a posture where she cannot move forward. And "a party should not be empowered to hinder case progression by simply refusing to communicate with his attorney." *Peter Kiewit Sons', Inc.*, 2012 WL 5400037, at *2 (citing *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at *2 (S.D.N.Y. 1996)).

Defendant may try to skirt its obligations by claiming it represented the receivership and was instructed to represent South City by the receivership. But this is irrelevant. Defendant's counsel entered an appearance on behalf of South City, not the receiver (a separate entity). It thus owes an obligation to represent South City in this matter, not the receiver.

To be clear, most of Plaintiff's concerns may be addressed if the Court (or Defendant's counsel) were inclined to put certain precautions in place or require that outstanding obligations are met prior to Counsel's withdrawal. One possibility is that Counsel for Defendant are permitted

to withdraw only after Defendant finds substitution counsel. That would allow the matter to continue without delay, assuaging Plaintiff's concerns. *See, e.g.*, *Walman Optical Co. v. Quest Optical, Inc.*, 2011 WL 13234983, at *2 (D. Minn. Nov. 15, 2011) (ordering Defendant's Counsel to continue to representation where "continued representation . . . does not constitute an 'unreasonable burden.'"). To the extent that Defendant does not intend to find substitute counsel, Plaintiff respectfully requests that Defendant be directed to respond to the outstanding discovery requests, including the motion to compel that will be filed, before permitting their withdrawal. This would allow Plaintiff, again, to have the information they need to prosecute their case, even if Defendant ultimately defaults. Defendant's Counsel are, after all, still **Defendant's** legal representatives and owe an obligation to represent their client until this Court grants the motion to withdraw. Finally, and in any event, Plaintiff would request that Defendant be directed to designate a representative to serve and accept pleadings to allow the Court and the other parties to properly communicate with Defendant.

As it stands, Defendant offers nothing to insulate from these serious concerns, instead trying to haphazardly withdraw from the case and leaving Plaintiff in a precarious position where she may be unable to litigate her case. The Court should not grant Defendant's counsel motion with no protection to ensure Plaintiff and the putative class are not unduly prejudice.

### III. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court either deny the motion to withdraw without prejudice or order the precautions discussed herein.

DATED: May 8, 2024                    Respectfully submitted,

                                                */s/ John F. Garvey*
                                                J. Gerard Stranch, IV*
                                                Michael C. Iadevaia*
                                                **STRANCH, JENNINGS & GARVEY, PLLC**
                                                223 Rosa Parks Ave. Suite 200
                                                Nashville, TN 37203
                                                Telephone: 615/254-8801
                                                Facsimile: 615/255-5419
                                                gstranch@stranchlaw.com
                                                miadevaia@stranchlaw.com

                                                John F. Garvey, #35879 (MO)
                                                **STRANCH, JENNINGS & GARVEY, PLLC**
                                                Peabody Plaza
                                                701 Market Street, Suite 1510
                                                St. Louis, MO 63101
                                                (314) 390-6750
                                                jgarvey@stranchlaw.com

                                                *\* Pro Hac Vice*

                                                *Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and exact copy of the foregoing has been served upon all counsel of record through the Court's CM/ECF system on this the 8th day of May, 2024.

                                                s/ *Michael C. Iadevaia*
                                                Michael C. Iadevaia